Opinion issued October 5, 2011

 

 



 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-09-00957-CR

____________

 

charles ray edwards,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 209th District Court 

Harris County, Texas

Trial Court Cause No. 328965

 

 

 



MEMORANDUM OPINION








          In 1981, appellant Charles Ray Edwards
was convicted of aggravated robbery, and his conviction was affirmed on appeal.
 See
Charles Ray Edwards v. State, No. 01-81-0497-CR (Tex. App.—Houston [1st
Dist.] July 1, 1982, no pet.) (not designated for publication).  In 2008, on the trial of a subsequent
offense, the 1981 conviction was used to enhance appellant’s punishment.  On October 14, 2009, appellant, proceeding
pro se, filed a second notice of appeal challenging the 1981 conviction.

This court lacks jurisdiction to consider a second appeal from
appellant’s final conviction.  The
exclusive post-conviction remedy in final felony convictions in Texas courts is
through a writ of habeas corpus pursuant to Texas Code of Criminal Procedure
article 11.07.  Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2010)
(providing that “[a]fter conviction, the procedure outlined in this Act shall
be exclusive and any other proceeding shall be void and of no force and effect
in discharging the prisoner”); Ater v.
Eighth Court of Appeals, 802 S.W.2d 241 (Tex. Crim. App. 1991).

          In addition, to the degree appellant
asserts in his notice of appeal that he is seeking habeas relief, we lack
jurisdiction to address his issues.  Jurisdiction
to grant post-conviction habeas corpus relief in felony cases rests exclusively
with the Texas Court of Criminal Appeals.  Tex. Code
Crim. Proc. Ann. art. 11.07, § 3; Board
of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995). 


 

Accordingly, because we lack jurisdiction over the appeal, we dismiss.  See Tex. R. App. P. 25.2(d), 42.3(a),
43.2(f).  All pending motions are
dismissed as moot.

PER CURIAM

Panel consists of Justices Jennings, Sharp,
and Brown. 

Do not publish.   Tex.
R. App. P. 47.2(b).